**UNITED STATES of America**
v.
**Angelo PROCARIO, Defendant.**

United States District Court
S. D. New York.
Oct. 16, 1963.

———◆———

Robert M. Morgenthau, U. S. Atty., for the Southern Dist. of New York, New York City, for the Government, Peter K. Leisure, Asst. U. S. Atty., of counsel.

Louis Bender, Lloyd A. Hale, New York City, for defendant.

WEINFELD, District Judge.

In view of the statement made by the Assistant United States Attorney upon the argument of the motion that the charge against the defendant rests upon failure to report professional income, the motion for a bill of particulars is disposed of as follows:

With respect to each count of the indictment, set forth:

1. (a) The amounts and dates of all items of bank and other deposits upon which the Government will rely to establish the defendant's taxable income.

(b) All items of the foregoing which the Government eliminates as nontaxable income.

2. To the extent that the Government has knowledge of specific items of taxable income received from individuals,

(a) each item of such income;

(b) the approximate date when received by the defendant;

(c) the amount thereof;

(d) if deposited in any bank or other account, the approximate date thereof, the name of the depositary, the designation of the account under which the deposit was made, and the name of the person, firm or corporation from whom received.

3. A schedule containing the gross income and all deductions and credits allowed so as to reflect the joint taxable income and the tax which the Government will claim was due thereon.

4. The approximate date the tax return was received in the office of the District Director of Internal Revenue for the District of Upper Manhattan.

The bill of particulars shall be served within twenty (20) days from the date hereof.

MOTION FOR DISCOVERY AND INSPECTION UNDER RULE 16 AND FOR PRODUCTION OF DOCUMENTS IN ADVANCE OF TRIAL UNDER RULE 17(c).

Apart from evidence as to the sources of claimed unreported income, the Government's case in large measure must rest upon documentary proof. Many of the documents may be required for de-

fense preparation or for use upon the trial proper. In this circumstance, the trial can be conducted with greater expedition and the defendant enabled better to prepare for trial if discovery is permitted of documents in the possession of the Government obtained from the defendant or third parties, coming within Rule 16, and those which are subject to subpoena for discovery in advance of trial under Rule 17. Indeed, in a case of this type, where the Government states that it intends "to prove the existence of unreported professional income * * * by an analysis of defendant's bank deposits and brokerage accounts," it is difficult to understand how a defendant can, in advance of trial, adequately prepare to meet the charge unless he has access to basic records. If these are not made available within a reasonable time prior to trial, endless delays inevitably will occur during the trial and unduly and unnecessarily extend the trial period. Accordingly, the motion for discovery and inspection is granted and the cross-motion by the Government to quash the subpoena issued under Rule 17(c) is denied except as indicated herein. Whether under Rule 16 or by subpoena under Rule 17(c), the inspection is limited to records obtained from banks and brokerage houses, hospitals and the Associated Hospital and other groups insuring patients of the defendant. There is not included within the terms of the order any books, papers or statements obtained from patients, tenants of the defendant, or from Benedetto LoCasto, his accountant. The particulars which the Court has directed under items 1 and 2 are sufficient to apprise the defendant of the essential facts and details of unreported professional income. The Government states that no claim is made as to tenants' income. Moreover, there is no showing that the defendant is without this information. And so, too, as to LoCasto, there is no showing that he or the defendant is not in possession of copies of the documents sought.

The motion to quash the subpoena is granted with respect to items 5 to 9, inclusive, and otherwise denied so as to permit the discovery and inspection to the extent indicated above.